FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

01 SEP 14 AM 10: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WILSON MITCHELL, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 00-B-1606-NE |
| JERRY THOMPSON, DREW THOMPSON, THE INTERNAL REVENUE SERVICE, | } } } | ENTERED |
| Defendants. | } | SEP 1 4 2001 |

## MEMORANDUM OPINION 

This case is before the court on defendant Internal Revenue Service's Motion to Dismiss, plaintiff's Motion to Dismiss Interpleader/Plaintiff and to Discharge Interpleader/Plaintiff from Liability, and the Internal Revenue Service's Opposition to plaintiff's Motion. This action was commenced in the Circuit Court of Lauderdale County, Alabama, when plaintiff interpled the sum of $20,031.00 into the registry of the state court. The fund arose as the result of a state court jury award in a lawsuit filed by the plaintiff on behalf of his clients, defendants Jerry Thompson and Drew Thompson (hereinafter, "Thompsons") in the case of *Drew Thompson and Jerry Thompson v. Tom Wideman, et al.*, Case No. CV 98-689 (Cir. Ct. Lauderdale Co. Ala.)

The jury award was payable to plaintiff as the representative of his clients, the Thompsons. Prior to the state court's disbursement of the jury award to the plaintiff, the Internal Revenue Service (hereinafter, "IRS") served plaintiff with a Notice of Levy demanding that he

---

[1] The jury awarded $42,674.50. The funds were disbursed to plaintiff by check payable to Wilson Mitchell as attorney. Plaintiff presumably took his fee and costs from the award and interpled the balance.

turn over all amounts up to $34,416.85 that he owed the Thompsons at the time the levy was served. The Notice of Levy identified the taxpayer as "Thompson & Thompson, a Partnership, Arvin Drew Thompson a Ptr Jerry Thompson, a Partner." Defendants Thompsons are the partners of the law firm identified in the Notice of Levy. Plaintiff failed to honor the levy and a Final Demand was served on him.

The IRS contends that plaintiff is unable to establish any threat of double recovery in this case which is necessary to sustain this interpleader action because plaintiff is immune from liability upon payment of the levied funds to the IRS. Pursuant to 26 U.S.C. § 6332(a) of the Internal Revenue Code, the IRS can demand from a third party "property or rights to property" of a delinquent taxpayer which are held by a third party. 26 U.S.C. § 6332(d) provides that any person who surrenders a taxpayer's property to the IRS is discharged from any obligation or liability to the delinquent taxpayer. Thus, the IRS argues plaintiff is immune from suit upon payment of the levied funds and that immunity prevents the potential double liability necessary to sustain jurisdiction in an interpleader action in which only the taxpayers and the United States are defendants.

In his Motion to Dismiss, plaintiff notes that plaintiff found himself subjected to multiple claims to the funds in his attorney trust account. After consultations with the Office of General Counsel of the Alabama State Bar, plaintiff filed this interpleader action in accordance with the directive from the Alabama State Bar that such action was the appropriate course to take under and consistent with the Alabama Rules of Professional Conduct.

While the court believes the government is correct that plaintiff could not be found liable to his clients for surrendering the funds to the IRS, it is also likely that if he had done so, he

would have faced a lawsuit from his clients. Taking the prudent, and the court believes, correct course, Mr. Wilson contacted the Office of General Counsel for the Alabama State Bar who informed him as follows:

> In those cases where a lawyer holds funds in trust over which the ownership is in dispute, the safest, most reasonable, and ethical course of action is for the lawyer to interplead those funds so that ownership may be determined by a tribunal of competent jurisdiction.

*See* EX A attached to the Motion to Dismiss filed by interpleader/plaintiff at p. 2.

Upon consideration of the record, the court is of the opinion that plaintiff's Motion to Dismiss Interpleader/Plaintiff and to Discharge Interpleader/Plaintiff from Liability is due to be granted. Defendant IRS's Motion to Dismiss is due to be denied.

**DONE** this 14th day of September, 2001.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge